## WILLIAM COCKERAM

### v.

## CATHERINE COCKERAM ET AL.

EVIDENCE.—Declarations of the deceased testator, made shortly before his death and before and after the execution of his will, are competent to establish his mental capacity and the condition of his mind at the time the will was made.

APPEAL from the Circuit Court of Grundy county; the Hon. J. McROBERTS, Judge, presiding. Opinion filed December 4, 1885.

Messrs. DOUD, WING & CARTER, Mr. J. H. SAMPSON and Mr. A. R. JORDAN, for appellant.

Cockeram v. Cockeram.

Messrs. HILL & DIBELL and Mr. E. SANFORD, for appellees.

LACEY, P. J.  This was a bill in equity by appellant as complainant and appellees as respondents, the object of the bill being to set aside the will of Samuel Cockeram, deceased, dated August 2, 1879, he having died December 2, 1879, leaving appellant, his son, and Catherine Cockeram, his widow, Samuel Cockeram, Jr., Benj. Cockeram, his sons, and Hannah, his daughter, intermarried with Isham, Mary Ann, his daughter, now intermarried with Baker, Emma, his daughter, intermarried with Jacob Griggs, one of the executors of the will, and all respondents and appellees herein. The deceased, the bill alleges, was of the age of seventy-six years.  That the will was admitted to probate December 6, 1879, and letters testamentary were granted to appellees, Samuel Cockeram, Jr., and Jacob Griggs, who were proceeding to administer the estate.  The averments against the validity of the will are that the testator, at the time of its execution, was not of sound mind and memory, but was in his dotage, and that his mind and memory was so impaired as to render him wholly incapable of making any just distribution of his estate.  The bill further charges that Jacob Griggs and Catherine Cockeram and others used and exercised many undue arts and fraudulent practices, etc.   *   *   *   *   to induce deceased to execute the pretended will, and that in fact in executing the will he was acting under improper restraint and undue influence from such arts and fraudulent practices.  Prays that the instrument and the probate thereof be set aside, etc.

The respondents Samuel Cockeram, Jacob Griggs and wife, and Catherine Cockeram and Hannah Isham answered denying the allegation, and Benj. Cockeram and Mary Ann Baker made default.  It appears that deceased was worth in effects at his death some $18,000 to $20,000, and that appellant was only left by the will $500; all the balance was left to Griggs and wife and one or two other of his children.  The main grounds of complaint by appellant are that the court below excluded all the evidence of declarations of the deceased testator, made shortly before his death and before and after the execution of the will

tending to show his mental condition and feelings, and relationship between himself and contestant and other members of the family, offered by appellant in the trial, and also the giving of the 11th of proponent's instructions.

It appears to be a well settled law that while evidence of this character can not be admitted to show an express revocation of a will, or the fact that it was executed under duress or from undue influence, they may nevertheless be proved and used to show his mental condition at the time of the execution of the will, or so near the time the same state of affairs must have existed. Such evidence tends to show the mental condition of the testator, the annoyances he may be subjected to by continual importunities of his wife and others, his susceptibility to the influence of those in whose care he was, and his helplessness in their hands, and his want of mental vigor to resist those influences. It fact it is regarded as a part of the *res gestæ.* Reynolds et al. v. Adams, 90 Ill. 135. We will purposely abstain from discussing the question of the weight of the evidence offered and introduced in this case on either side, but content ourselves with deciding as to the competency of the rejected evidence as tending to prove the points which it is competent to establish, mental capacity, and the state of mind of the testator at the time the will was made. In this case the testator was an old man living with his second wife, all of his children having been born to him from his first wife, and the contestant herein was a son by his former wife. Some of the circumstances were the same as in the case above cited.

There is direct testimony on each side of the question of the testator's mental capacity to make a will. The wife of the testator seemed to have entertained ill will against appellant as well probably as against other members of his family, and felt particularly friendly to Griggs, who was her son by a former husband and son-in-law of the testator. It is competent to show by declarations of the testator made before and after the time the will was executed, his mental capacity and condition of mind at the time the will was executed, and other and a wide range of testimony is allowable " in support of and in reply to

evidence tending to show undue influence and weakness of mind as to the moving and proximate causes of the will." Red. on Wills, Part I, p. 536, Sec. 51. It is also competent to show by his declarations the relations of the family, the terms upon which he stood with them, and the claims of particular individuals as well as other evidence to the same point.

The most of the rejected testimony, offered by appellant, of Wm. E. Cockeram, Edgar L. Cockeram, Mary A. Baker, Benj. King, John R. Hopkins, Mrs. Phila F. Harrison, Mrs. Anna Hazzard, Ebenezer Baker, Clinton W. Card, Robert Hazzard, W. T. Hopkins, Benj. Cockeram, and perhaps others, was competent and improperly rejected by the court.

The 11th of appellees' instructions we regard as erroneous in excluding from the jury by implication, at least, the agreement of marriage settlement between the testator and his wife as evidence for any purpose. It was no doubt competent evidence as a circumstance to show the relationship existing between the testator and his wife, and this instruction would seem to exclude it as evidence for any purpose. We have not undertaken to particularly specify what part of the excluded evidence was wrongfully excluded, trusting that it will not be difficult on a new trial to regulate the matter in accordance with the rules announced.

For the above reasons the decree is reversed and the cause remanded.

Reversed and remanded.